**In re Andrew W. SLATER, Respondent, a Member of the Bar of the District of Columbia Court of Appeals.**

No. 92–SP–228.

District of Columbia Court of Appeals.

Submitted June 10, 1993.
Decided July 1, 1993.

Before FERREN and KING, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This matter is before the court on the recommendation of the Board on Profes-

sional Responsibility to disbar respondent pursuant to D.C.Code § 11–2503(a) (1989 Repl.). The recommendation arises from respondent's conviction of two counts of grand larceny in violation of Virginia Code § 18.2–95. After respondent's conviction, he voluntarily resigned from the Bar of the Commonwealth of Virginia, and his license to practice was revoked by the Virginia Supreme Court on November 25, 1991. On March 12, 1992, this court suspended respondent and ordered the Board on Professional Responsibility to determine whether reciprocal discipline should be imposed, in accordance with D.C.Bar R. XI § 11. Before the Board could act, Bar Counsel obtained certified copies of respondent's convictions and referred them to this court. On May 12, 1992, this court ordered the Board to review the elements of respondent's crime to determine whether they involve moral turpitude within the meaning of D.C.Code § 11–2503(a).

■ The Board reviewed the Virginia statute under which respondent was convicted of the felony of grand larceny. It found that the statute requires a person convicted of grand larceny to have the specific intent to deprive the owner of the property permanently. *See Skeeter v. Commonwealth,* 217 Va. 722, 232 S.E.2d 756, 758–59 (1977). This court has held that the crime of grand larceny involves moral turpitude per se. *See In re Boyd,* 593 A.2d 183 (D.C.1991) (attorney convicted of grand larceny in New York disbarred pursuant to D.C.Code § 11–2503(a)); *see also In re Solerwitz,* 601 A.2d 1083 (D.C. 1992). The Board concluded that, under *In re McBride,* 602 A.2d 626, 634–35 (D.C. 1992) (en banc), grand larceny as defined by the Commonwealth of Virginia is a crime involving moral turpitude per se, requiring disbarment in accordance with *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc). Because the Board recommended that respondent be disbarred for his criminal conviction, it did not proceed further to analyze the merits of the revocation of his license in Virginia under the principles of reciprocal discipline.

■ We agree with the Board's recommendation that respondent be disbarred pursuant to D.C.Code § 11–2503(a). After the Board had issued its recommendation, Bar Counsel informed this court that respondent had failed to file an affidavit of compliance with D.C.Bar R. XI § 14, as required by § 14(f) of that rule. In cases such as this, where an attorney has failed to carry out his or her responsibilities under this rule, we have imposed disciplinary sanctions prospectively, rather than retroactively. *See In re Mulkeen,* 606 A.2d 136, 139 (D.C.1992).

Accordingly, it is ORDERED that respondent is disbarred from the practice of law in the District of Columbia effective 30 days from the date hereof. *See* D.C.Bar R. XI § 14(e).