**In re Sharyn G. CAMPBELL, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–SP–931.**

District of Columbia Court of Appeals.

Submitted Dec. 15, 1993.

Decided Jan. 6, 1994.

Before FARRELL and SULLIVAN, Associate Judges, and PRYOR, Senior Judge.

1. 18 U.S.Code § 1344(a) provides as follows: Whoever knowingly executes, or attempts to execute, a scheme or artifice—
   (1) to defraud a financial institution; or
   (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by,

PER CURIAM:

This matter is before the court on a report of the Board on Professional Responsibility ("the Board") recommending respondent's disbarment pursuant to D.C.Code § 11–2503(a) (1989), based upon her felony convictions in the State of Alaska of one count of bank fraud, in violation of 18 U.S.C. § 1344(1) (1992); [1] aiding and abetting the commission of an offense against the United States, in violation of *id.* § 2; and making false entries in books or records in violation of *id.* § 1006. The convictions were affirmed on appeal. We agree with the Board's recommendation and order respondent's disbarment pursuant to § 11–2503(a).

We have previously held that the crime of federal bank fraud, committed in violation of 18 U.S.C. § 1344(a), is a crime involving moral turpitude. *See In re Rosenbleet,* 592 A.2d 1036, 1037 (D.C.1991). Thus, we conclude that respondent has been convicted of at least one offense inherently involving moral turpitude, and that she must be disbarred pursuant to D.C.Code § 11–2503(a). We therefore need not consider whether the two additional offenses of which she was convicted also involve moral turpitude. *See In re Bond,* 519 A.2d 165, 166 (D.C.1986).

*So ordered.*

or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.