**In re Marvin JURON, Respondent,**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–BG–258.**

District of Columbia Court of Appeals.

Submitted Oct. 20, 1994.

Decided Nov. 21, 1994.

Before FERREN, TERRY, and STEADMAN, Associate Judges.

PER CURIAM:

This matter is before the court on the recommendation of the Board on Professional Responsibility ("Board") to disbar respondent pursuant to D.C.Code § 11–2503(a) (1989 Repl.) for conviction of a crime involving moral turpitude. The recommendation arises from respondent's felony convictions, in the United States District Court for the Northern District of Illinois, for misapplying funds entrusted to a federally-insured savings and loan association, 18 U.S.C. § 657 (1988); conspiring to commit offenses against the United States, 18 U.S.C. § 371; and seven counts of mail fraud, 18 U.S.C. § 1341. Respondent received a two-year prison sentence on August 19, 1988. As a consequence of these convictions, the Supreme Court of Illinois disbarred respondent from the practice of law in Illinois on October 14, 1988.

On March 20, 1992, this court suspended respondent from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 10(c) [1] and directed the Board to initiate proceedings to determine whether respondent's criminal convictions involved moral turpitude within meaning of D.C.Code § 11–2503(a).

The Board concluded that respondent's crimes of mail fraud involved moral turpitude *per se. See In re Bond,* 519 A.2d 165, 166 (D.C.1986) (mail fraud and wire fraud are offenses that inherently involve moral turpitude).[2] The Board accordingly recommended respondent's disbarment under *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc), a recommendation that respondent has

---

1. Respondent has been a member of the D.C. Bar since September 25, 1968.

2. Respondent's conspiracy and fraud convictions under 18 U.S.C. §§ 371 and 651, respectively, also may have involved moral turpitude, issues we need not reach in light of his mail fraud convictions involving moral turpitude. *See In re Meisnere,* 471 A.2d 269, 270–71 (D.C.1984) (conviction under federal conspiracy statute where object of conspiracy is to defraud inherently in-

volves moral turpitude); *cf. In re McBride,* 602 A.2d 626, 635 & n. 19 (D.C.1992) (en banc) (in reaffirming *In re Willcher,* 447 A.2d 1198 (D.C. 1982), to extent of "mandat[ing] automatic disbarment, attributable to moral turpitude *per se,* for conviction of a felony involving an 'intent to defraud,' " we had no "occasion to reexamine whether every sort of felony involving an 'intent to defraud,' however defined, should be deemed an offense involving moral turpitude *per se ").*

not contested. We agree that *Colson* mandates disbarment pursuant to § 11–2503(a), given appellant's mail fraud convictions.

Accordingly, respondent is hereby disbarred from the practice of law in the District of Columbia, effective immediately.

*So ordered.*