**In re Richard G. WILEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 93–BG–1308, 93–BG–1531 and 93–BG–1674.**

District of Columbia Court of Appeals.

Submitted Sept. 21, 1995.
Decided Oct. 26, 1995.

Before FERREN and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that Richard G. Wiley be disbarred from the practice of law in the District of Columbia based on his unethical conduct and a criminal conviction. We adopt the recommendation of the Board. *See* D.C.Bar Rule XI, § 9(g)(1) (stating that the court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

■ On November 19, 1993, Richard G. Wiley was disbarred from the practice of law by the Maryland Court of Appeals for obtaining client funds under false pretenses, in contravention of several Maryland Rules of Professional Conduct.[1] In two different matters, Wiley substantially misrepresented the nature and extent of services he purported to render to elderly clients and charged an unreasonable fee for those services. D.C.Bar Rule XI, § 11(c) requires that Wiley be reciprocally disbarred in this jurisdiction unless he can demonstrate by clear and convincing evidence that he was denied due process in the Maryland court, that there was an infirmity of proof in Maryland, that disbarment in the District would result in grave injustice, or that the misconduct either would normally warrant substantially different discipline or would not constitute misconduct in this jurisdiction. None of these exceptions to Rule XI's presumption of reciprocal discipline applies in this case.

■ Separately and independently, Wiley has been convicted of felony theft in Baltimore County Circuit Court.[2] Disbarment by this court is required when an attorney has been convicted of a crime of moral turpitude. D.C.Code § 11–2503(a) (1989). Absent exceptional circumstances, felony theft is considered a crime of moral turpitude *per se* in this jurisdiction. *See In re Slater,* 627 A.2d 508, 509 (D.C.1993) (per curiam); *In re Hopmayer,* 602 A.2d 655, 656–57 (D.C.1992); *In re Boyd,* 593 A.2d 183, 184 (D.C.1991) (per curiam); *see also In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc). Having filed no exceptions to the Board's recommendation, Wiley presents no reasons to depart from this rule.

We therefore hold that the respondent, Richard G. Wiley, is disbarred from the practice of law in the District of Columbia, retroactively effective June 21, 1994, the date on which Wiley filed his affidavit pursuant to D.C.Bar Rule XI, § 14. *See* D.C.Bar Rule XI, § 16(c).

*So ordered.*

---

1. Wiley violated Maryland Rules of Professional Conduct 1.1 (competence), 1.3 (diligence), 1.4(a) and (b) (communication with client), 1.5(a) (unreasonable fee), 8.4(b) (criminal act that reflects adversely on honesty, trustworthiness, or fitness), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (conduct prejudicial to the administration of justice).

2. *See* MD.ANN.CODE art. 27, § 342 (1992).