**In re Alan C. SUGARMAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 95–BG–237, 95–BG–529.**

District of Columbia Court of Appeals.

Submitted May 21, 1996.

Decided June 13, 1996.

Before FARRELL and RUIZ, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that respondent be disbarred pursuant to D.C.Code § 11–2503(a) (1995) in light of his plea of guilty and conviction in the United States District Court for the Southern District of Florida on seventeen counts of embezzlement by a trustee or other officer of the court engaged in administration of a bankruptcy debtor's estate (18 U.S.C. § 153).[1] We accept the recommendation. We have not previously determined whether 18 U.S.C. § 153 is a crime that inherently involves moral turpitude. Nonetheless, we have repeatedly held that crimes containing an element of fraud or theft involve moral turpitude *per se*. *In re Juron*, 649 A.2d 836 (D.C.1994) (per curiam) (mail fraud); *In re*

*Sluys*, 632 A.2d 734 (D.C.1993) (per curiam) (grand larceny); *In re Slater*, 627 A.2d 508 (D.C.1993) (per curiam) (grand larceny); *In re Bond*, 519 A.2d 165 (D.C.1986) (per curiam) (mail fraud and wire fraud). As pertinent here, 18 U.S.C. § 153 requires proof that the person convicted knowingly and fraudulently appropriated to his own use property belonging to the estate of a bankrupt that came into the defendant's charge as an officer of the court. *See United States v. Lynch*, 180 F.2d 696, 700 (7th Cir.), *cert. denied*, 339 U.S. 981, 70 S.Ct. 1029, 94 L.Ed. 1385 (1950). We conclude, therefore, that 18 U.S.C. § 153 is a crime inherently involving moral turpitude, and that respondent accordingly must be disbarred. This disposition makes it unnecessary to determine whether reciprocal discipline should be imposed in the wake of respondent's disbarment by consent by the State of New Jersey following his convictions. *See In re Slater, supra.*

Respondent is hereby disbarred from the practice of law in the District of Columbia effective immediately. *See* D.C. Bar R. XI, § 14(f) (1996).

*So ordered.*

---

1. 18 U.S.C. § 153 provides in part:
    (a) Offense.—A person described in subsection (b) who knowingly and fraudulently appropriates to the person's own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a debtor shall be fined not more than $5,000, imprisoned not more than 5 years, or both.