### In re David Cleon EBERHART, III, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### On Report and Recommendation of the Board on Professional Responsibility.

### Nos. 95–BG–292, 95–BG–384.

District of Columbia Court of Appeals.

Submitted May 8, 1996.

Decided June 27, 1996.

Before FERREN, STEADMAN and FARRELL, Associate Judges.

PER CURIAM.

This matter comes before us on the report and recommendation of the Board on Professional Responsibility ("Board") that respondent be disbarred pursuant to D.C.Code § 11–2503(a). That statutory provision mandates disbarment of an attorney convicted of a crime of moral turpitude. On January 11, 1995, respondent pled guilty to grand larceny by embezzlement, Va.Code §§ 18.2–95 and – 111, and misuse of public funds, Va.Code § 18.2–112.1. Both crimes are felonies.[1] No exceptions to the Board's report and recommendation have been filed by either respondent or Bar Counsel.

A felony involves moral turpitude per se when an intent to defraud is an essential element. *In re Hopmayer*, 602 A.2d 655, 657 (D.C.1992). Conviction of embezzlement in Virginia requires a "wrongful[ ] and fraudulent[ ]" intent. Va.Code Ann. § 18.5–111 (Michie 1995); *see Zoretic v. Commonwealth*, 13 Va.App. 241, 409 S.E.2d 832, 834 (1991).

---

1. On the basis of these convictions, we entered an order on April 25, 1995, temporarily suspending respondent pursuant to D.C. Bar R. XI, § 10(c).

**1024** 

Accordingly, we agree with the Board that violation of Virginia's embezzlement statute is a crime of moral turpitude.[2]

 We turn to the question of timing. On February 10, 1995, respondent was temporarily suspended from the practice of law in Virginia on the basis of the two convictions, and was subsequently, on June 13, 1995, suspended from the practice of law in Virginia for a period of seven years.[3] The record in this case reveals that respondent has not filed the affidavit of compliance required of all suspended attorneys by D.C. Bar R. XI, § 14(g). Our suspension orders of April 25, 1995, and May 1, 1995, see notes 1 and 3, *supra*, both specifically provided that "[r]espondent's attention is drawn to the requirements of D.C. [Bar] Rule XI, § 14 relating to suspended attorneys and to the provisions of 16(c) dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit." Furthermore, the letters to respondent from the executive attorney of the Board, regarding the filing of an affidavit pursuant to *In re Goldberg*, 460 A.2d 982 (D.C.1983), repeatedly stressed the difference between the *Goldberg* affidavit and the affidavit required under § 14(g), and called attention to *In re Slosberg*, 650 A.2d

1329 (D.C.1994), which carefully differentiates between the two. We cannot, therefore, adopt the Board's suggestion that respondent's disbarment run retroactively from the date of his Virginia suspension, based on an unsworn letter of April 18, 1995, from respondent to the Board, stating that respondent has never practiced law in this jurisdiction. Given the clarity of the requirement as repeatedly conveyed to respondent, this letter cannot be deemed to satisfy § 14(g).[4] *See Slosberg, supra,* 650 A.2d at 1332–33. Respondent's failure to comply with § 14 entails the imposition of the disbarment sanction prospectively. *Slater, supra* note 3, 627 A.2d at 509.

Accordingly, it is ORDERED that respondent is disbarred, effective forthwith, from the practice of law in the District of Columbia pursuant to D.C.Code § 11–2503(a). Respondent's attention is again drawn to the requirements of D.C. Bar R. XI, § 14 relating to disbarred and suspended attorneys and to the provisions of § 16 dealing with the timing of eligibility for reinstatement related thereto.

2. Conviction of even one crime of moral turpitude requires disbarment, regardless of whether other convictions involved moral turpitude as well. D.C.Code § 11–2503(a) (1995 Repl.); *In re Campbell,* 635 A.2d 933, 933 (D.C.1994). Therefore, the Board did not address whether misuse of public funds, in violation of Va.Code § 18.2–112, is also a crime of moral turpitude. *See Campbell,* 635 A.2d at 933.

3. On the basis of the Virginia suspension of February 10, 1995, we entered an order on May 1, 1995, temporarily suspending respondent from the practice of law in the District, pursuant to D.C. Bar R. XI, § 11(d). The record in this case indicates that respondent appealed his Virginia discipline to the Virginia Supreme Court. We have not been advised of the status of the appeal. Because the Board concluded that D.C.Code § 11–2503(a) mandates disbarment in this case, it did not address the propriety of disbarment under principles of reciprocal discipline. *See In re Slater,* 627 A.2d 508, 509 (D.C.1993) (per curiam). However, this may become relevant should respondent seek reinstatement in the District while his suspension continues in Virginia.

4. In her May 9, 1995 letter to respondent, replying to his letter of April 18, 1995, the executive attorney of the Board said:
"As I advised in my March 31, 1995 letter, the *Goldberg* affidavit should state whether you have practiced law in the District of Columbia since the effective date of your foreign discipline and whether you intend to practice in this jurisdiction during the remainder of your foreign discipline. All attorneys suspended or disbarred in the District of Columbia must also file the affidavit required under Rule XI, § 14(g). The affidavit should be filed with the Court of Appeals, the Board Office and served on Bar Counsel 'within ten days after the effective date of an order or disbarment or suspension' including temporary suspensions under Rule XI, § 10(c) and § 11(d). *See In re Slosberg,* 650 A.2d 1329 (D.C. Dec. 29, 1994). I have enclosed a copy of Rule XI, § 14(g) for your assistance."
The case before us does not involve what we deemed the "special circumstances" presented in *In re Gardner,* 650 A.2d 693, 698 (D.C.1994), including lack of notice, *id.* at 697 n. 7. *In re Zilberberg,* 612 A.2d 832 (D.C.1992), also cited by the Board, does not address § 14.