**In re Richard E. GREENSPAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 95–BG–874, 95–BG–877.**

District of Columbia Court of Appeals.

Submitted Sept. 24, 1996.

Decided Oct. 10, 1996.

Before TERRY, STEADMAN and RUIZ, Associate Judges.

PER CURIAM.

This matter is before the court on the recommendation of the Board on Professional Responsibility (Board) to disbar respondent pursuant to D.C.Code § 11–2503(a)

(1995) for conviction of a crime involving moral turpitude. Respondent pled guilty in the United States District Court for the District of Connecticut to a one-count information charging him with violating 18 U.S.C. § 153 (1994) (embezzlement by bankruptcy trustee), and was sentenced to four months imprisonment, followed by eight months of house arrest, and 28 months of supervised probation. As a consequence of this conviction, respondent was suspended on an interim basis by order of the Superior Court, Judicial District of Hartford, Connecticut.

On July 26, 1995, this court suspended respondent in a reciprocal discipline matter pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend discipline. On July 28, 1995, this court suspended respondent from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 10(c) for conviction of a serious crime, and directed the Board to institute formal proceedings to determine whether respondent's criminal convictions involved moral turpitude within the meaning of D.C.Code § 11–2503(a).

Applying the procedure for determining whether the offense to which respondent pled guilty involves moral turpitude in *In re Colson,* 412 A.2d 1160, 1164–65 (D.C.1979) (en banc), the Board concluded that respondent's crime involved moral turpitude *per se* because an intent to defraud is an element of the offense. The Board accordingly recommends respondent's disbarment under D.C.Code § 11–2503(a), a recommendation that respondent has not contested. We agree that *Colson* mandates disbarment pursuant to § 11–2503(a), given respondent's conviction of embezzlement. As we have recently held, a violation of 18 U.S.C. § 153 constitutes moral turpitude *per se.* *In re Sugarman,* 677 A.2d 1049 (D.C.1996).

We therefore order respondent disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to August 10, 1995, the date on which he filed the required D.C. Bar R. XI, § 14(g) affidavit. Further, we order the reciprocal discipline proceedings pending against respondent dismissed as moot.