**In re Richard G. WILEY, Jr., Petitioner.**

No. 96–BG–751.

District of Columbia Court of Appeals.

Argued Jan. 24, 1997.

Decided July 10, 1997.

Richard G. Wiley, Jr., pro se.

Michael S. Frisch, Senior Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before SCHWELB, KING and RUIZ, Associate Judges.

RUIZ, Associate Judge.

Petitioner, Richard Wiley, was disbarred in Maryland on November 18, 1993, for obtaining client funds under false pretenses. This court disbarred Wiley pursuant to D.C. Bar Rule XI, § 11(c), which requires reciprocal discipline, and independently on the grounds that Wiley had been convicted of a felony involving moral turpitude, a circumstance requiring disbarment pursuant to D.C.Code § 11–2503 (1995). *In re Wiley,* 666 A.2d 68 (D.C.1995) (per curiam). Wiley's disbarment became effective on June 21, 1994, when he filed his affidavit in accordance with Rule XI, § 14(g). On October 31, 1995, Wiley filed a petition for reinstatement with the Board on Professional Responsibility, arguing that the language of Board Rule 9.2 allows for an exception to the minimum five-year disbarment requirement and makes possible the reinstatement of an attorney within the five years "for good cause shown." [1] On April 26, 1996, the Board dismissed the petition, ruling

---

*pro tunc* consideration to the date of his Illinois suspension.

1. Rule 9.2 reads in pertinent part: "[a] disbarred attorney shall not be eligible for reinstatement until five years have elapsed following the attorney's compliance with Rule XI, Section 14, unless for good cause shown."

that Wiley was precluded from filing a petition for reinstatement until five years from the effective date of disbarment. Because we conclude that Board Rule 9.2 does not create an exception to Rule XI, § 16, which mandates a five-year period during which a disbarred attorney may not apply for reinstatement, we affirm the Board's ruling.

Rule XI, § 16(c) of the District of Columbia Bar Rules states that "a disbarred attorney shall not be eligible for reinstatement until five years shall have elapsed following the attorney's compliance with section 14." Section 14(g) of Rule XI requires that a disbarred attorney file an affidavit demonstrating to the court that he or she has complied with the provisions of that section. Appellant's main argument is that the final clause of Board Rule 9.2, "unless for good cause shown," should be construed as creating an exception to the mandated five-year interim period during which a disbarred attorney may not apply for reinstatement. Wiley thus asks this court to construe Board Rule 9.2 as allowing an attorney to apply for reinstatement before expiration of the five-year period on a showing of good cause, in his case rehabilitation from the problems that led to the misconduct for which he was disbarred. Although the language of the Board Rule is admittedly ambiguous, we conclude that there is no such exception.[2]

The Rules of the Board on Professional Responsibility cannot create an exception to Rule XI, a rule promulgated by this court, without some basis in Rule XI or this court's interpretation of Rule XI. The Board on Professional Responsibility is created by and its powers and duties are outlined in Rule XI, § 4. The Board is authorized "[to] adopt rules, procedures and policies *not inconsistent with this rule* or any other rules of this Court." D.C. Bar Rule XI, § 4(e)(10) (emphasis added). Rule XI, § 16(c), makes clear that a disbarred attorney "*shall not* be eligible" for reinstatement within five years from the filing of the required § 14 affidavit. (Emphasis added.) The rule provides for no exceptions. The only construction consistent with the Board's authority under Rule XI, § 4(e)(10) and the requirements of Rule XI, § 16(c), is that, before reinstatement, five years must have elapsed from the filing of the affidavit required by Rule XI, § 14. Because Wiley's affidavit was filed June 21, 1994, Wiley is ineligible for reinstatement.

Therefore, the Board's dismissal of Richard Wiley's petition for reinstatement is affirmed.

*So ordered.*

---

2. Because we conclude that the five-year bar on reinstatement from the effective date of disbarment is absolute, we need not address at this time the question whether Wiley's rehabilitation from drug and alcohol abuse satisfies the requirements for reinstatement. We commend Wiley for his good efforts in defeating his difficulties with drug and alcohol and urge him to apply for reinstatement when he is eligible to petition the Board after the required five years have elapsed. At that time the Board may consider his rehabilitation when reviewing his timely-filed petition for reinstatement.