**In re Mark S. FERBER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–1213.**

District of Columbia Court of Appeals.

Submitted Nov. 14, 1997.

Decided Dec. 4, 1997.

Before KING and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

*ORDER*

PER CURIAM:

The Board on Professional Responsibility (the "Board") recommends that respondent, Mark S. Ferber, be disbarred pursuant to D.C.Code § 11–2503(a) (1995) for conviction of a crime involving moral turpitude. Bar Counsel has informed the court that it takes no exception to the Board's report and rec-

ommendation. Respondent has not filed an exception or a brief. We adopt the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(1) (1997) (requiring this court to "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

On August 9, 1996, Ferber was convicted in the United States District Court for the District of Massachusetts of thirty-three counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1346 (1994), and twenty-five counts of violations of the Travel Act, 18 U.S.C. § 1952 (1994).[1] *See United States v. Ferber,* 966 F.Supp. 90, 96 (D.Mass. 1997). As a consequence of these convictions, on September 25, 1996, this court issued an interim order suspending respondent from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 10(c) and directed the Board to institute a formal proceeding to determine whether respondent's criminal convictions involved moral turpitude within the meaning of D.C.Code § 11–2503(a). On September 30, 1996, the Massachusetts Supreme Judicial Court entered an Order of Immediate Temporary Suspension. After receiving a certified copy of the Massachusetts order, this court issued a second order on November 21, 1996, directing Bar Counsel to inform the Board of his position regarding reciprocal discipline.[2]

Proceeding under disbarment procedures instead of instituting a reciprocal discipline action, the Board concluded that respondent's convictions for violation of the federal mail and wire fraud statutes involve moral turpitude per se under § 11–2503(a).[3]

1. Prior to sentencing, the District Court, sua sponte, dismissed all of the Travel Act counts. Ferber was sentenced on December 19, 1996, to thirty-three months of incarceration and two years of probation following his imprisonment, and ordered to pay a fine of $1,000,000.

2. In its report and recommendation, the Board notes that Bar Counsel suggested that no action be taken in the reciprocal discipline matter, and chose to proceed under § 11–2503(a). After the Board filed its report, on July 1, 1997, Bar Counsel forwarded to this court a certified copy of an order issued by the Massachusetts Supreme Judi-

cial Court disbarring the respondent from the practice of law in that jurisdiction on the basis of an affidavit of resignation. We do not address the reciprocal discipline matter as it is now moot, without prejudice to Bar Counsel's reinstating a reciprocal discipline proceeding if Ferber were to seek reinstatement while the Massachusetts disbarments are still in effect.

3. The Board concluded that it was unnecessary to reach the issue of whether respondent's convictions under the Travel Act, 18 U.S.C. § 1952, involved moral turpitude. *See In re Eberhart,* 678 A.2d 1023, 1024 n. 2 (D.C.App.1996) (per

Where this court has previously held that the elements of a particular crime involve moral turpitude, the proper procedure is for the Board to apply that holding to the case before it and recommend disbarment. *See In re Colson,* 412 A.2d 1160, 1165 (D.C.1979) (en banc). The Board's inquiry is limited to whether the certificate of conviction establishes that, in fact, the attorney has been convicted of the crime charged. *Id.*

We agree with the Board that convictions for violations of 18 U.S.C. §§ 1341, 1343, and 1346, are crimes that involve moral turpitude per se. *See In re Juron,* 649 A.2d 836 (D.C.1994) (per curiam) (noting that mail fraud involves moral turpitude per se). *In re Bond,* 519 A.2d 165 (D.C.1986) (per curiam)

(mail and wire fraud involve moral turpitude). Pursuant to *In re Colson, supra,* we therefore order Mark S. Ferber disbarred from the practice of law in the District of Columbia. This disbarment is effective from July 14, 1997, the date on which Ferber filed an affidavit pursuant to D.C. Bar R. XI, § 14(g).

*So ordered.*

curiam) ("Conviction of even one crime of moral turpitude requires disbarment, regardless of

whether other convictions involved moral turpitude as well."); *see also* n. 1.