**In re Gerard E. EVANS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–1338.**

District of Columbia Court of Appeals.

Submitted Feb. 28, 2002.

Decided March 14, 2002.

Before GLICKMAN and WASHINGTON, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

Respondent Gerard E. Evans was convicted in federal court of mail fraud, aiding and abetting mail fraud, wire fraud, and aiding and abetting wire fraud. The indictment indicates that respondent, a former lobbyist, conspired with a Maryland state legislator to induce companies to hire respondent by making it appear that the legislator was going to introduce a bill that could have adverse economic consequences on the companies, when in fact the legislator had no intention of introducing such legislation.

On October 23, 2000, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility ("the Board") to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether respondent's crimes involved moral turpitude. The Board has now filed a report and recommendation. The Board finds that respondent's convictions involve moral turpitude *per se* and recommends disbarment pursuant to D.C.Code § 11 2503(a) (1995). The Board's recommendation is unopposed.

We have previously held that both mail fraud and wire fraud are crimes of moral turpitude *per se*. *In re Ferber*, 703 A.2d 142 (D.C.1997). D.C.Code § 11–2503(a) thus mandates respondent's disbarment. Accordingly, it is

ORDERED that Gerard E. Evans is disbarred from the practice of law in the District of Columbia. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*