**In re Tonya L. DAUGHTERY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 456827).**

**No. 04–BG–326.**

District of Columbia Court of Appeals.

Submitted Feb. 23, 2005.

Decided March 10, 2005.

Before RUIZ and REID, Associate Judges, and KING, Senior Judge.

PER CURIAM:

The respondent, Tonya L. Daughtery, converted approximately $150,000 in estate funds to her personal use while serving as the executor of an estate in Virginia. She pleaded guilty to two counts of felony embezzlement in violation of VA. CODE ANN. § 18.2–111 (2004), and on May 21, 2004, was sentenced to a four-year term of incarceration on each count. Execution of the sentence was suspended as to all but one week and respondent was placed on one year of probation. Bar Counsel reported respondent's convictions and we temporarily suspended her on April 12, 2004, pursuant to D.C. Bar R. XI, 10(c). We also directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the final discipline to be imposed and to decide if respondent's crime involved "moral turpitude" within the meaning of D.C.Code § 11–2503(a) (2001).

On July 27, 2004, the Board submitted a Report and Recommendation which concludes that respondent's crime involved moral turpitude and recommends disbarment. Bar Counsel informs us that she takes no exception to the Report and Recommendation, and respondent has not filed an answer. Therefore, our deference to the Board is heightened. D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Because we have previously determined that this crime involves moral turpitude, *In re Eberhart,* 678 A.2d 1023 (D.C.1996), respondent's disbarment is mandatory under § 11–2503(a). Accordingly, we accept the Board's recommended sanction and it is

ORDERED that Tonya L. Daughtery is hereby disbarred from the practice of law in the District of Columbia, and her name shall be stricken from the roll of attorneys authorized to practice before this court. Moreover, since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct her attention to the requirements of that rule and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*