**In re William A. SCHAINKER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 28480).**

No. 03–BG–769.

District of Columbia Court of Appeals.

Submitted April 5, 2005.
Decided April 14, 2005.

Before TERRY, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM:

On February 2003, in the United States District Court for the Eastern District of Michigan, respondent William A. Schainker pled guilty to one count of conspiracy both to defraud the United States and to make false statements and commit mail fraud and wire fraud, in violation of 18 U.S.C. §§ 371, 1001, 1341, and 1343. Bar Counsel brought respondent's conviction to our attention, and on August 1, 2003, we temporarily suspended respondent from the practice of law in this jurisdiction pursuant to D.C. Bar R. XI, § 10(c). We further directed the Board on Professional Responsibility to institute formal proceedings to determine whether respondent's crime involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001).[1]

The Board now recommends that respondent be disbarred pursuant to D.C.Code § 11–2503(a) because his convictions all involve moral turpitude *per se.* We agree. Conspiracy to commit an offense against the United States involves moral turpitude *per se* where the underlying offense is a crime that inherently involves moral turpitude.[2] Mail fraud and wire fraud are crimes of moral turpitude *per se.*[3] Therefore, disbarment based on respondent's conviction for conspiracy to commit mail fraud and wire fraud is re-

---

**1.** In the meantime respondent was sentenced, making his conviction upon the plea of guilty final for purposes of § 11–2503(a).

**2.** *See, e.g., In re Gormley,* 793 A.2d 469, 470 (D.C.2002).

**3.** *See In re Evans,* 793 A.2d 468, 469 (D.C. 2002).

 

quired.[4]   Accordingly, we adopt the Board's recommendation, and it is

ORDERED that William A. Schainker is disbarred, pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia.   Because respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

**4.**   *See In re Lipari,* 704 A.2d 851, 852 (D.C. 1997).