In re Richard A. JULIANO,
Respondent.

A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 465761).

No. 03–BG–287.

District of Columbia Court of Appeals.

Submitted April 5, 2004.[1]

Decided Dec. 7, 2006.

Before FARRELL, Associate Judge,
and FERREN and SCHWELB,* Senior
Judges.

PER CURIAM:

On April 18, 2002, respondent Richard A. Juliano entered a plea of guilty in the United States District Court for the Northern District of Illinois to one count of mail fraud in violation of 18 U.S.C. §§ 1341, 1346 and 2 (1994), and was sentenced on October 10, 2006 to four years of probation and payment of a $10,000 fine. *See United States v. Juliano,* Case No. 02–CR–310–3; judgment and sentencing order dated October 10, 2006. After Bar Counsel reported respondent's convictions to this court, we temporarily suspended respondent pursuant to D.C. Bar R. XI, § 10(c). We directed the Board on Professional Responsibility ("the Board") to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether respondent's crimes involved moral turpitude. The Board has concluded that respondent's convictions involve moral turpitude and recommends disbarment pursuant to D.C.Code § 11–2503(a) (2001).

Bar Counsel takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation. We therefore accept the Board's findings and adopt its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). It is well settled that mail fraud is a crime of moral turpitude *per se. See, e.g., In re Firestone,* 824 A.2d 47 (D.C.2003); *In re Lamb,* 810 A.2d 413 (D.C.2003); *In re Duker,* 723 A.2d 410 (D.C.1999); *In re Ferber,* 703 A.2d 142 (D.C.1997); *In re Juron,* 649 A.2d 836 (D.C.1994). D.C.Code § 11–2503(a) (2001) mandates disbarment when a bar member is convicted of an offense involving moral turpitude and a certified copy of the conviction is presented to the court. Accordingly, it is

ORDERED that Richard A. Juliano is disbarred from the practice of law in the District of Columbia as of the date of this order. We note that respondent filed the

---

1. This case has been stayed pending receipt of the judgment and sentencing order dated October 10, 2006, transmitted by Bar Counsel by letter of November 3, 2006.

* Judge Schwelb was an Associate Judge of the court at the time this case was submitted. His status changed to Senior Judge on June 24, 2006.

affidavit required by D.C. Bar R. XI, § 14(g) on April 29, 2003.

*So ordered.*