**In re Fredric D. LEFFLER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 388671).**

**Nos. 05–BG–680, 05–BG–1104.**

District of Columbia Court of Appeals.

Submitted Nov. 7, 2007.
Decided Nov. 21, 2007.

---

Before PRYOR, KERN, and NEBEKER, Senior Judges.

PER CURIAM:

On May 28, 2004, respondent, Fredric D. Leffler, was found guilty after a jury trial in the United States District Court for the District of Maryland of six counts of mail fraud and eleven counts of wire fraud. On April 29, 2005, respondent was sentenced to thirty-seven months imprisonment. On

May 10, 2005, the Court of Appeals of Maryland disbarred respondent by consent.[1] Bar Counsel filed a certified copy of that order of disbarment, and on July 25, 2005, we issued an order temporarily suspending respondent pursuant to D.C. Bar R. XI, § 11(d) and directing: (1) Bar Counsel to inform the Board on Professional Responsibility ("the Board") of his position regarding reciprocal discipline within thirty days; (2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and (3) the Board either to recommend discipline or proceed *de novo*. (Appeal No. 05–BG–680.)

Bar Counsel then filed a certified copy of respondent's District Court convictions, and on October 18, 2005, we suspended him pursuant to D.C. Bar R. XI, § 10(c) and directed the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed and, specifically, to decide whether respondent's crimes involved moral turpitude. (Appeal No. 05–BG–1104.) On December 28, 2005, this court *sua sponte* consolidated appeal Nos. 05–BG–680 and 05–BG–1104.[2] In the Board's report and recommendation, it concluded that respondent's convictions involve moral turpitude *per se, In re Schainker*, 871 A.2d 1206 (D.C.2005), and recommends disbarment pursuant to D.C.Code § 11–2503(a) (2001), and that the reciprocal action be dismissed as moot.

Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation, nor has he participated in the proceedings. We,

therefore, accept the Board's findings and adopt its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). It is well settled that mail fraud is a crime of moral turpitude *per se*. *See, e.g., In re Schainker, supra*, 871 A.2d at 1206; *In re Firestone*, 824 A.2d 47 (D.C.2003); *In re Evans*, 793 A.2d 468 (D.C.2002). D.C.Code § 11–2503(a) (2001) mandates disbarment when a bar member is convicted of an offense involving moral turpitude and a certified copy of the conviction is presented to the court. Accordingly, it is

ORDERED that Fredric D. Leffler is disbarred from the practice of law in the District of Columbia. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. It is

FURTHER ORDERED that the reciprocal action, appeal No. 05–BG–680, is hereby dismissed as moot.

*So ordered.*

---

1. Respondent was subsequently disbarred by the United States Court of Federal Claims based on his disbarment in Maryland.

2. This matter had originally been placed on the April 6, 2006, calendar for consideration; however, it was removed from the calendar

and stayed when the court was informed that respondent had appealed his convictions. The court has now been informed that respondent's appeal has been resolved and his convictions affirmed.