**In re Otha M. JACKSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. 08–BG–468, 08–BG–667.**

District of Columbia Court of Appeals.

Submitted July 21, 2009.

Decided Sept. 3, 2009.

Before WASHINGTON, Chief Judge, and PRYOR and KERN, Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board") recommends that respondent, Otha M. Jackson, be disbarred pursuant to D.C.Code § 11–2503(a) (2001), because he was convicted of conspiracy to commit mail

---

fraud and wire fraud in violation of 18 U.S.C. § 371, and mail fraud (aiding and abetting), in violation of 18 U.S.C. §§ 1341 and 1342 in the United States District Court of the Northern District of Ohio. Mail fraud and wire fraud are both crimes of moral turpitude *per se, see In re Leffler,* 940 A.2d 105, 106 (D.C.2007) (per curiam); thus respondent's conviction of mail fraud constitutes a violation of the moral turpitude standard requiring respondent's disbarment under the statute. Accordingly, we accept the Board's unopposed recommendation that respondent be disbarred pursuant to D.C.Code § 11–2503(a).

Because this resolves the matter, it is unnecessary to determine whether reciprocal discipline should be imposed in light of respondent's disbarment by the State of Ohio following his convictions. *See in re Sugarman,* 677 A.2d 1049, 1050 (D.C.1996) (per curiam). Thus, the reciprocal action is dismissed as moot.

Respondent is hereby disbarred from the practice of law in the District of Columbia effective immediately. For purposes of reinstatement, the period of respondent's disbarment shall be deemed to commence on the day respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g).[1] *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*

---

1. We note that respondent has previously filed two 14(g) affidavits with various deficiencies. Respondent must file an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14 in order to seek reinstatement. The affidavit must list, *inter alia,* all other state and federal jurisdictions and administrative agencies to which respondent has been admitted to practice and the residence or other address of the respondent to which communications can be directed. *See* D.C. Bar R. XI, § 14(g).