**In re Richard W. ALLISON Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 491626).**

**No. 09–BG–161.**

District of Columbia Court of Appeals.

Submitted Feb. 11, 2010.
Decided March 4, 2010.

Before WASHINGTON, Chief Judge, REID, Associate Judge, and FERREN, Senior Judge.

PER CURIAM:

In the United States District Court for the District of Maryland, respondent Richard W. Allison Jr. pled guilty to federal charges of conspiracy to commit mail and wire fraud.[1] Mr. Allison had participated in a scheme to defraud homeowners and mortgage lenders. After Bar Counsel informed this court of the guilty plea, we temporarily suspended Mr. Allison pursuant to D.C. Bar Rule XI, § 10(c) and directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the offense and whether it involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001).

In its Report and Recommendation, the Board concluded that Mr. Allison's offense constituted moral turpitude *per se* and recommends disbarment. Neither Bar Counsel nor Mr. Allison takes exception the Board's Report and Recommendation. We therefore accept the Board's findings and adopt its recommendation. *See* D.C. Bar Rule XI, § 9(h).

"It is well settled that mail fraud is a crime of moral turpitude *per se.*" *In re Leffler,* 940 A.2d 105, 106 (D.C.2007); *see In re Schainker,* 871 A.2d 1206 (D.C.2005); *In re Firestone,* 824 A.2d 47 (D.C.2003); *In re Evans,* 793 A.2d 468 (D.C.2002). Under D.C.Code § 11–2503(a) (2001), disbarment is mandatory for a member convicted of an offense involving moral turpitude where, as here, a certified copy of the respondent's conviction is presented to this court. Accordingly, it is

ORDERED that Richard W. Allison Jr. is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. Mr. Allison's disbarment shall run, for the purposes of reinstatement, from the date he files an affidavit that complies with the requirements of D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*

---

**1.** Violations of the 2006 edition of 18 U.S.C. §§ 1341, 1343 and 1349.