*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-51

IN RE J. SCOTT BROWN, RESPONDENT.

A Suspended Member of the Bar of the District of Columbia
Court of Appeals
(Bar Registration No. 958256)

On Report and Recommendation of the Board on
Professional Responsibility
(BDN-139-12)

(Submitted November 12, 2013                    Decided December 12, 2013)

Before MCLEESE, *Associate Judge*, and NEWMAN and FERREN, *Senior Judges*.

PER CURIAM: The Board on Professional Responsibility recommends that we disbar James Scott Brown because Mr. Brown was convicted of conspiracy to commit mail fraud and wire fraud, which constitutes a crime of moral turpitude per se. We agree and accept the Board's recommendation.

**I.**

Respondent James Scott Brown was convicted in the United States District Court for the Eastern District of Missouri of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 371. Bar Counsel filed with this court a certified copy of Mr. Brown's judgment of conviction, and we suspended Mr. Brown under District of Columbia Bar Rule XI, § 10 (c).

We then asked the Board to determine whether Mr. Brown's convictions involved moral turpitude under D.C. Code § 11-2503 (a) (2012 Repl.). The Board concluded that conspiracy to commit mail fraud and wire fraud is a crime of moral turpitude per se and recommended that we disbar Mr. Brown. Mr. Brown did not oppose the Board's recommendation.

We review de novo the Board's legal determination that conspiracy to commit mail fraud and wire fraud is a crime of moral turpitude per se. *See In re Bond*, 519 A.2d 165, 166 n.1 (D.C. 1986).

**II.**

Under D.C. Code § 11-2503 (a), this court must disbar a bar member who is convicted of a crime of "moral turpitude." *See, e.g.*, *In re Colson*, 412 A.2d 1160, 1164-65 (D.C. 1979) (en banc). We have held that "[c]onviction of conspiracy to commit a crime of moral turpitude is itself a crime of moral turpitude." *In re Lickstein*, 972 A.2d 314, 316 (D.C. 2009) (per curiam). Furthermore, "[w]e have . . . held that both mail fraud and wire fraud are crimes of moral turpitude *per se*." *In re Evans*, 793 A.2d 468, 469 (D.C. 2002) (per curiam). We therefore agree with the Board that conspiracy to commit mail fraud and wire fraud is a crime of moral turpitude per se.

**III.**

Mr. Brown is disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, the period of disbarment shall run from the date that Mr. Brown files his affidavit in accordance with District of Columbia Bar Rule XI, § 14 (g).

*So ordered.*