*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-BG-1914

IN RE MIKEL D. JONES, RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 456094)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 439-11)

(Submitted September 24, 2013                    Decided August 21, 2014)

Before FISHER, *Associate Judge*, and PRYOR and KING, *Senior Judges*.

PER CURIAM: Mikel D. Jones was convicted in the United States District Court for the Eastern District of Pennsylvania of one count of conspiracy to commit mail and wire fraud; fourteen counts of aiding and abetting mail fraud; fourteen counts of aiding and abetting wire fraud; and one count of aiding and abetting money laundering. *United States v. Jones*, CRIM.A. 11-261, 2012 WL 383668 (E.D. Pa. Feb. 7, 2012), *aff'd*, 544 F. App'x 87 (3d Cir. 2013). On July 9, 2012, the Pennsylvania court sentenced Jones to forty-two months of incarceration

on each count, to be served concurrently, followed by three years of supervised release, and ordered him to make restitution of $457,743.75.[1]

Jones did not report his criminal convictions to this court or the Board of Professional Responsibility ("the Board") as required by D.C. Bar R. XI, § 10 (a). Bar Counsel learned of Jones's convictions through news reports. On November 30, 2012, Bar Counsel filed with this court a certified copy of the judgment of conviction. On December 17, 2012, this court suspended Jones pursuant to D.C. Bar R. XI, § 10 (c) and referred the matter to the Board. In January 2013, Bar Counsel determined that Jones's convictions were based on offenses involving moral turpitude *per se* within the meaning of D.C. Code § 11-2503 (a) (2012 Repl.) and accordingly recommended disbarment. Jones did not respond to Bar Counsel's statement on moral turpitude. Jones failed to file the affidavit required by D.C. Bar R. XI, § 14 (g) following entry of this court's order of suspension.

---

[1] On October 31, 2013, the United States Court of Appeals for the Third Circuit affirmed the trial court's decision. *United States v. Jones*, 544 F. App'x 87 (3d Cir. 2013). We note that Mikel D. Jones has not petitioned for certiorari nor rehearing.

The Board has concluded that respondent's convictions involve moral turpitude *per se* and recommends disbarment pursuant to § 11-2503 (a). Jones did not oppose the Board's recommendation.

Mail fraud is a crime of moral turpitude *per se*, *In re Bryant*, 46 A.3d 402, 402 (D.C. 2012) (quoting *In re Evans*, 793 A.2d 468, 469 (D.C. 2002) and citing *In re Leffler*, 940 A.2d 105, 106 (D.C. 2007)). Therefore, D.C. Code § 11-2503 (a) mandates that this court disbar Jones. *See In re Schainker*, 871 A.2d 1206, 1206 (D.C. 2005). Accordingly, it is

ORDERED that Mikel D. Jones is disbarred from the practice of law in the District of Columbia. We direct Jones's attention to the requirements of D.C. Bar R. XI, § 14 (g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*