*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-1237

IN RE JOSEPH J. O'HARA, RESPONDENT.

A Suspended Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 362581)

On Report and Recommendation of the Board on
Professional Responsibility
(BDN-249-13)

(Submitted October 1, 2014                    Decided October 23, 2014)

Before GLICKMAN and EASTERLY, *Associate Judges*, and PRYOR, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that we disbar Respondent Joseph J. O'Hara because Mr. O'Hara was convicted of conspiracy to commit mail fraud and deprivation of honest services in violation of 18 U.S.C. §§ 1341, 1346, and 1349.[1]  Mr. O'Hara did not file a brief with the Board of Professional Responsibility opposing disbarment and he has not filed a

---

[1] This Court issued an order on November 21, 2013, suspending Mr. O'Hara from the practice of law after Bar Counsel filed a certified copy of Mr. O'Hara's judgment of conviction. *See* D.C. Bar R. XI, § 10 (c).

brief with this court.[2]

This court must disbar an attorney who has committed a crime of moral turpitude. D.C. Code § 11–2503 (a); *In re Colson,* 412 A.2d 1160, 1164-65 (D.C. 1979) (en banc). This court has previously acknowledged that mail fraud and deprivation of honest services under 18 U.S.C. §§ 1341, 1346 are crimes of moral turpitude per se. *In re Evans,* 793 A.2d 468, 469 (D.C. 2002); *In re Ferber*, 703 A.2d 142, 142-43 (D.C. 1997); *In re Juron*, 649 A.2d 836, 836-37 (D.C. 1994). Conspiracy to commit mail fraud is also a crime of moral turpitude per se. *In re Brown*, 80 A.3d 1043, 1044 (D.C. 2013). We therefore adopt the recommendation of the Board that Mr. O'Hara be disbarred.

---

[2] After the case was submitted, Mr. O'Hara sent a letter to this court asserting that he should not be disbarred because he had attempted to resign from the practice of law in 2012, but his resignation was mistreated as a request to become an inactive member. He requests that he be permitted to resign now and that this case be dismissed. This court has specific rules governing how a member in good standing may resign from the Bar. *See* D.C. Bar R. II, § 7. Mr. O'Hara never presented evidence to the Board that, prior to his criminal legal troubles, he had tried to resign from the Bar. Rather, as noted, he filed no opposition at all to Bar Counsel's recommendation to the Board that he be disbarred. "We have consistently held that an attorney who fails to present a point to the Board waives that point and 'cannot be heard to raise it for the first time here.'" *In re Shearin*, 764 A.2d 774, 778 (D.C. 2000) (quoting *In re Ray*, 675 A.2d 1381, 1386 (D.C. 1996)).

Mr. O'Hara is disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, the period of disbarment shall run from the date that Mr. O'Hara files his affidavit in accordance with District of Columbia Bar Rule XI, § 14 (g).

*So ordered.*