*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-270

IN RE SEAN PATRICK GJERDE, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 479588)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-115-13)

(Submitted May 14, 2015                                      Decided May 14, 2015)

Before FISHER and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: On December 18, 2012, in the United States District Court for the Eastern District of California, respondent Sean Patrick Gjerde pleaded guilty to the felony offense of conspiracy to commit mail fraud and to make false statements in mortgage applications, in violation of 18 U.S.C. §§ 371, 1341, and 1014. He was sentenced to imprisonment on September 24, 2013. "[A] valid guilty plea acts as a conviction of the crime charged, as well as an admission of all the material facts alleged by the government." *In re Untalan*, 619 A.2d 978, 981 (D.C. 1993); *see* D.C. Bar R. XI, § 10 (f).

After being notified of respondent's guilty plea, we suspended him pursuant to D.C. Bar R. XI, § 10 (c), and directed the Board on Professional Responsibility ("Board") to institute a formal proceeding to determine the nature of the offense and whether it involves moral turpitude within the meaning of D.C. Code § 11-2503 (a) (2012 Repl.). The Board has filed a report recommending that respondent be disbarred pursuant to D.C. Code § 11-2503 (a) (disbarment upon conviction of crime involving moral turpitude). Respondent has not filed a brief in opposition.

"Disbarment for conviction of an offense reached by § 11-2503(a) – *i.e.*, involving moral turpitude – is mandatory." *In re Patterson*, 833 A.2d 493, 493 (D.C. 2003) (citing *In re Spiridon*, 755 A.2d 463, 466 (D.C. 2000)). Moreover, if an offense "manifestly involve[s] moral turpitude by virtue of [its] underlying elements," disbarment is mandatory without inquiry into the specific conduct that led to the conviction. *In re Colson*, 412 A.2d 1160, 1164 (D.C. 1979) (en banc). The crime of conspiracy to commit mail fraud is a crime of moral turpitude *per se*. *In re Allison*, 990 A.2d 467, 468 (D.C. 2010); *In re Schainker*, 871 A.2d 1206, 1206 (D.C. 2005). Respondent's disbarment is, therefore, mandatory under D.C. Code § 11-2503 (a).

Accordingly, we order that respondent Sean Patrick Gjerde be disbarred from the practice of law in the District of Columbia, effective immediately, and that his name be stricken from the roll of attorneys authorized to practice before this court. For the purposes of reinstatement, the period of disbarment shall not be deemed to commence until respondent files an affidavit that conforms to the requirements of D.C. Bar R. XI, § 14 (g).

*So ordered.*