*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 19-BG-1092

IN RE DAVID H. MILLER, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 482782)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN 70-19)

(Decided September 16, 2021)

Before: GLICKMAN and DEAHL, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: The Board of Professional Responsibility recommends that David H. Miller be disbarred from the practice of law after being convicted of one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); four counts of mail fraud in violation of 18 U.S.C. §§ 2 and 1341; and four counts of wire fraud in violation of 18 U.S.C. §§ 2 and 1343. This court has previously concluded that both mail and wire fraud are crimes of moral turpitude per

se.[1]   Respondent has not filed any exception to the Board's Report and Recommendation nor has he filed the required D.C. Bar R. XI, § 14(g) affidavit after the court imposed an interim suspension on November 20, 2019.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."  *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential.").  Because no exceptions have been filed and the convictions are crimes of moral turpitude per se for which disbarment is required by D. C. Code § 11-2503(a), we accept the recommendation that respondent be disbarred.

Accordingly, it is

ORDERED that respondent David H. Miller is hereby disbarred from the practice of law in this jurisdiction.  Respondent's attention is directed to the requirements of D.C. Bar. R. IX § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar. R. IX § 16(c).

*So ordered.*

---

[1]  *See, e.g.*, *In re Brown*, 80 A.3d 1043, 1044 (D.C. 2013).