*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0504

IN RE BRIAN DAVID O'NEILL, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 1046680)

On Report and Recommendation
of the Board on Professional Responsibility

(DDN No. D211-22)

(Decided November 16, 2023)

Before: BECKWITH, DEAHL, and SHANKER, *Associate Judges*.

PER CURIAM: The Board on Professional Responsibility recommends that respondent, Brian David O'Neill, be disbarred from the practice of law after pleading guilty to two counts of wire fraud in violation of 18 U.S.C § 1343. This court has previously concluded that wire fraud is a crime of moral turpitude per se.[1] Respondent has not filed any exceptions to the Board's Report and

---

[1] *See In re Bryant*, 46 A.3d 402, 402 (D.C. 2012) (per curiam) ("'[B]oth mail fraud and wire fraud are crimes of moral turpitude *per se*.'" (quoting *In re Evans*, 793 A.2d 468, 469 (D.C. 2002) (per curiam))).

Recommendation, nor has he filed the required D.C. Bar R. XI, § 14(g) affidavit after the court imposed an interim suspension on June 23, 2023.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed and the conviction is a crime of moral turpitude per se for which disbarment is required by D.C. Code § 11-2503(a), we accept the recommendation that respondent be disbarred.

Accordingly, it is

ORDERED that respondent is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the requirements of D.C. Bar. R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar. R. XI, § 16(c).

*So ordered.*