**In re Alan C. DREW, Respondent.**

**No. 96–BG–160.**

District of Columbia Court of Appeals.

Submitted Nov. 26, 1996.

Decided April 24, 1997.

Before TERRY and RUIZ, Associate Judges, and MACK, Senior Judge.

PER CURIAM.

Respondent Drew, a member of the Maryland and District of Columbia bars, was suspended from the practice of law in Maryland for one year by the Maryland Court of Appeals, with certain conditions that he must meet before being reinstated. *See Attorney Grievance Commission v. Drew,* 341 Md. 139, 669 A.2d 1344 (1996). Upon being informed of that ruling, this court entered an order on March 5, 1996, suspending Mr. Drew from practice in the District of Columbia and directing the Board on Professional

Responsibility ("the Board") to begin reciprocal disciplinary proceedings based on the Maryland suspension.[1] The Board now recommends that we impose a disciplinary sanction identical to that imposed in Maryland. Neither Bar Counsel nor Mr. Drew takes exception to the Board's recommendation; accordingly, we adopt it.

It is therefore ORDERED that respondent, Alan C. Drew, is hereby suspended from the practice of law for one year, *nunc pro tunc,* as of February 15, 1996, the effective date of his suspension in Maryland,[2] with a requirement that before his readmission to the District of Columbia Bar, he shall demonstrate his fitness to practice law.[3]

---

1. D.C. Bar Rule XI, § 11(d) provides in part that this court, upon receipt of a certified copy of an order from a court outside the District of Columbia suspending or disbarring a member of our bar, "shall forthwith enter an order suspending the attorney from the practice of law in the District of Columbia pending final disposition of any reciprocal disciplinary proceeding...."

2. Mr. Drew has filed a timely affidavit stating that he has not practiced law in the District of Columbia since February 15, 1996. *See* D.C. Bar Rule XI, § 14(g); *In re Slosberg,* 650 A.2d 1329, 1331–1332 & n. 8 (D.C.1994).

3. We agree with the Board that the other conditions imposed by the Maryland Court of Appeals need not be duplicated here.