## In re Richard A. CANATELLA, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

#### No. 99–BG–1624.

District of Columbia Court of Appeals.

Submitted Feb. 27, 2001.

Decided March 15, 2001.

Before STEADMAN, SCHWELB, and RUIZ, Associate Judges.

PER CURIAM:

On August 18, 1999, the Supreme Court of the State of California disciplined respondent, Richard A. Canatella, based on a stipulation that he repeatedly counseled and/or maintained unjust lawsuits in willful violation of section 6068(c) of the California Business and Professions Code.[1] The Court suspended respondent from the practice of law in California for eighteen months, stayed execution of the suspension, and placed respondent on eighteen months of probation subject to conditions. Those conditions require respondent to serve an actual thirty-day suspension, submit quarterly reports affirming that he has complied with all ethical rules during his probation, cooperate with disciplinary authorities and any probation monitor assigned, successfully complete an ethics course, and pass the Multistate Professional Responsibility Examination.

We temporarily suspended respondent in the District of Columbia on December 18, 1999, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"). The Board recommends identical reciprocal discipline, namely an eighteen-month suspension with all but thirty days stayed contingent on respondent's completion of the conditions imposed in California. Neither Bar Counsel nor respondent opposes the Board's recommendation.

Although the ethical standard respondent admitted violating in California has no direct counterpart in this jurisdiction, we agree with the Board that reciprocal discipline is warranted. *See In re Shieh*, 738 A.2d 814, 818 (D.C.1999) (finding that violation of CAL. BUS. & PROF.CODE § 6068 can constitute a violation of Rule 8.4(d) of the District of Columbia Rules of Professional Conduct). Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Richard A. Canatella be suspended from the practice of law in the District of Columbia for the period of eighteen months. Execution of the suspension is stayed on the condition that respondent serve an actual thirty-day suspension and comply with all conditions imposed on his probation in California. As recommended by the Board and Bar Counsel, this suspension is imposed *nunc pro tunc* to January 4, 2000. *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C.1994).

---

1. That provision imposes a duty on attorneys to "counsel or maintain those actions, proceedings, or defenses only as appear to him or her legal or just, except the defense of a person charged with a public offense."