**In re E. John DOMINGUES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–416.**

District of Columbia Court of Appeals.

Submitted Oct. 3, 2000.

Decided March 22, 2001.

Before SCHWELB, Associate Judge, and GALLAGHER and MACK, Senior Judges.

PER CURIAM:

## I.

On January 13, 1999, the Court of Appeals of Maryland ordered that respondent E. John Domingues be suspended indefinitely from practice in Maryland with the right to apply for reinstatement after nine months, and required Domingues to engage at his own expense a monitor who would oversee his practice for two years and report regularly to Maryland Bar Counsel. Domingues consented to the order of the Maryland Court.

On April 14, 1999, this court entered an order temporarily suspending Domingues from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI § 11(d) pending the District of Columbia Board on Professional Responsibility's ("Board") determination as to whether reciprocal discipline should be imposed. On December 20, 1999, after he had been reinstated in Maryland subject only to the monitoring requirement, Domingues petitioned for reinstatement without further investigation, examination, or proof.

On January 6, 2000, this court followed the District of Columbia Bar Counsel's ("Bar Counsel") recommendation and de-

nied the petition but, in light of Bar Counsel's consent, vacated the interim suspension of April 14, 1999, pending final resolution on reciprocal discipline and reserving the authority to impose greater discipline at such time.

## II.

The facts underlying the charges in Maryland are not developed completely in the record because respondent consented to an indefinite suspension in Maryland before a full hearing had been carried out.

The recommendation of our Board is based on the fact findings of an inquiry panel of the Attorney Grievance Commission of Maryland ("inquiry panel").[1] Domingues attached the findings of the inquiry panel to the answer and affidavit he filed with the Board on April 26, 1999, and he asserted that the report of the inquiry panel contained a review of the evidence and a conclusion that were both fair, such that he was willing to stipulate to the findings and conclusion therein.

The Maryland inquiry panel found that, upon the dissolution of his law firm,[2] Domingues transferred monies from the firm's escrow account into a new escrow account. Mistakenly believing that some of the funds were fees due to him, respondent improperly transferred those funds into his operating account.[3] Further, the inquiry panel found, respondent failed to implement and follow procedures that would have alerted him to the misdeeds of

1. The Board's report and recommendation notes that the Maryland inquiry panel's findings were by a preponderance of the evidence, but that the panel believed that its findings could also meet the clear and convincing evidence standard.

2. Misconduct by Domingues' former law partner and a resulting disciplinary proceeding against the partner contributed to the demise

of their firm. The proceedings before us are independent of any misconduct by the former partner.

3. The Board points out that Domingues' testimony to the inquiry panel indicated that he had existing funds in his operating account that were more than sufficient to meet his obligations.

his partner in the dissolved firm. Noting that respondent's attention had been much consumed by lengthy and contentious litigation regarding custody of his own children, the inquiry panel concluded that respondent's actions constituted negligent misappropriation, but that none of his transgressions were intentional.

## III.

As reciprocal discipline, our Board recommends that a nine-month suspension would be equivalent to Maryland's indefinite suspension with the right to reapply after nine months, and that such a measure falls within the range of sanctions imposed by this court for like violations. *See, e.g., In re Harrison,* 461 A.2d 1034, 1036 (D.C.1983). The Board further recommends that the suspension be imposed *nunc pro tunc* to January 13, 1999, because Domingues timely filed his affidavit of compliance with D.C.App. R. XI, § 14(g) rule. *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

Moreover, our Board recommends that Domingues be placed on probation for two years. For that period, Domingues is to employ a member of the District of Columbia Bar acceptable to Bar Counsel to monitor Domingues' practice consistent with the Maryland sanction, and to report regularly to Bar Counsel.[4] Finally, because Domingues has already been reinstated in Maryland, the Board recommends that Domingues not be required to demonstrate fitness prior to reinstatement in the District of Columbia. *See In re Berger,* 737 A.2d 1033, 1045–46 (D.C.1999).

## IV.

In his response to the report and recommendation of our Board, Domingues acquiesces to the disposition recommended by the Board, but takes exception to the portion of the Board's recommendation that characterizes him as having admitted dishonesty in the Maryland proceedings.

## V.

█ This court will adopt the recommended disposition of the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI § 9(g)(1). Further, we "will accept the Board's findings as long as they are supported by substantial evidence in the record." *In re Vohra,* 762 A.2d 544, 545 (D.C.2000).

█ We accept the reciprocal discipline recommended by the Board. We further agree with the Board that it would not be inappropriate for the practice monitor identified by the Maryland court to oversee Domingues' practice on behalf of this court as well, provided that the individual is a member of the District of Columbia Bar and that he or she is acceptable to Bar Counsel.

On the matter of Domingues' solitary exception to the Board's report and recommendation, our careful review of the record disclosed no evidence whatsoever that Domingues admitted dishonesty, nor any evidence that the Maryland inquiry panel found dishonesty on his part. Rather, the inquiry panel concluded, Domingues' transgression was due only to his negligence and carelessness. Therefore, we decline to accept that portion of the Board's report and recommendation that suggests any admission of dishonesty by respondent. We note that Domingues' exception was served on Bar Counsel and on Counsel for the Board, and that neither Bar Coun-

---

4. The Board recommends that reports be submitted to Bar Counsel and the Board by the monitor on a monthly basis for the first year and quarterly for the second year.

sel nor the Board responded in any way to Domingues' exception. It is, therefore,

ORDERED that respondent E. John Domingues be and hereby is suspended for the period of nine months from the practice of law in the District of Columbia, *nunc pro tunc* to January 13, 1999, and that he be placed on probation for two years with the condition that his practice be monitored by a District of Columbia Bar member acceptable to Bar Counsel who will report to Bar Counsel and the Board monthly for the first year and quarterly thereafter.

*So ordered.*

