In re Kevin C. McDONOUGH,
Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 00–BG–184.

District of Columbia Court of Appeals.

Submitted Feb. 21, 2002.

Decided Feb. 28, 2002.

Before FARRELL and
WASHINGTON, Associate Judges, and
KERN, Senior Judge.

PER CURIAM:

Respondent Kevin C. McDonough is admitted to practice law in California, Connecticut, and the District of Columbia. On November 19, 1999, the Supreme Court of the State of California suspended respondent for two years with a requirement that he prove his fitness to practice law, but stayed execution of the sanction in favor of an actual suspension of sixty days and two years of probation subject to numerous conditions.[1]

Respondent's misconduct stemmed from his use of his client trust account as a personal bank account between March and September 1997 while he was relocating to Connecticut. No client funds were involved. At the time of his misconduct, respondent was experiencing personal

---

1. As conditions of probation, respondent was required to: comply with the rules of professional conduct, promptly report any change of address or other information, submit quarterly reports confirming his compliance with the rules of professional conduct, answer any inquiries regarding his compliance with the terms of probation, attend and pass an ethics course, pass the Multistate Professional Responsibility Examination, attend and pass a course on client trust account record-keeping, obtain certification from a Certified Public Accountant that any client funds he possesses are maintained in a trust account and recorded in the requisite client ledger and trust account journal, abstain from the use of any alcoholic beverages and/or narcotics and other controlled substances, attend eight Alcoholics Anonymous or The Other Bar meetings per month, and provide upon request medical waivers and access to medical records.

problems and was abusing alcohol. Respondent conceded his gross negligence in these matters, and stipulated to failing to maintain adequate client trust account records, using his trust account for personal and business purposes unrelated to any client matter, and issuing insufficient funds checks from his trust account. He had no prior record of misconduct.

Bar Counsel reported respondent's discipline to this court. On March 2, 2000, we temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). On March 27, 2000, respondent filed the affidavit required by D.C. Bar R. XI, § 14. On January 16, 2001, we granted respondent's motion to lift the interim suspension.

The Board has now filed a report concluding that respondent's actions also constitute misconduct in this jurisdiction, and recommends imposition of identical reciprocal discipline, with the exception that respondent's probation be unsupervised. The Board further recommends that this suspension be imposed *nunc pro tunc* to the date of respondent's interim suspension. Neither Bar Counsel nor respondent has filed exceptions to the Board's report and recommendation.

■ The record does not reveal any of the conditions enumerated in D.C. Bar R. XI, § 11(c), that might make reciprocal discipline inappropriate. Given the rebuttable presumption in favor of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), and our heightened deference to the Board when its recommendation is unopposed, *see In re Goldsborough,* 654 A.2d 1285 (D.C.1995),

and D.C. Bar R. XI, § 11(f), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Kevin C. McDonough be suspended from the practice of law in the District of Columbia for the period of two years, with all but sixty days stayed in favor of two years of unsupervised probation with the condition that respondent comply with all of the probationary conditions ordered by the Supreme Court of the State of California. Respondent's discipline is imposed *nunc pro tunc* to March 27, 2000, the date on which he filed the affidavit required by D.C. Bar R. XI, § 14(g).[2]

*So ordered.*

---

2. We decline to make respondent's discipline *nunc pro tunc* to the date of his interim suspension because he did not file his § 14(g)

affidavit within ten days thereafter. *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).