**In re Timothy A. DeWITT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–306.**

District of Columbia Court of Appeals.

Decided Oct. 13, 2005.

642

Before: TERRY and FARRELL, Associate Judges, and NEWMAN Senior Judge.

PER CURIAM.

In this reciprocal disciplinary proceeding against respondent Timothy A. DeWitt, the Board on Professional Responsibility ("Board") has recommended the reciprocal and identical discipline of a sixty day suspension, with a stay of execution of the suspension in favor of eighteen months of probation, subject to 'the terms and conditions of probation imposed by the original jurisdiction.[1]

■ On November 25, 2003, the Supreme Court of California suspended respondent for sixty days with a stay of execution in favor of an eighteen month probation following the California State Bar Court's approval of stipulated facts establishing respondent's violation of Cal. Bus. & Prof.Code § 6068(c) (failure of attorney to counsel or maintain only those actions, proceedings, or defenses as appear to him or her legal or just).[2] On April 2, 2004, Bar Counsel filed a certified copy of

the California Court's order of suspension with this court. On April 9, 2004, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. Bar Counsel recommended reciprocal and identical discipline. Respondent filed a response, which did not object to reciprocal and identical discipline but requested that the legal basis for reciprocal discipline remain the same as in California and that a § 14(g) affidavit not be imposed as a new condition of probation unless ·he violates probation and then must serve the actual suspension.

■ In its report and recommendation, the Board found that the record supported the imposition of reciprocal and identical discipline. In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the California proceeding because re-

1. The original jurisdiction's conditions included respondent's compliance with the California State Bar Act and Rules of Professional Conduct, submission of written quarterly reports to the Probation Unit, and the passing of the Multistate Professional Responsibility Examination.

2. Cal. Bus. & Prof.Code § 6068(c) is similar to D.C. Rule of Professional Conduct 3.1, which provides "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes

a good-faith argument for an extension, modification, or reversal of existing law." Cal. Bus. & Prof.Code § 6068(c) has also been held to constitute a violation of D.C. Rule of Professional Conduct 8.4(d) (engaging in conduct that seriously interferes with the administration of justice). *In re Canatella*, 769 A.2d 142 (D.C.2001); *In re Shieh*, 738 A.2d 814, 818 (D.C.1999). Further, the stipulated facts would also provide a basis for violation of D.C. Rules of Professional Conduct 8.4(b) and (c).

spondent agreed to stipulated facts, admitted the violation, and consented to the sanction imposed by the Supreme Court of California. The Board also concluded that respondent should not be required to file an affidavit required by D.C. Bar R. XI, § 14(g) unless he violates the conditions of probation and is then required to serve the actual suspension.

Given our heightened deference, *see* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997), and as we find support in the record for the Board's findings, we accept them and adopt the recommended sanction. Accordingly, it is

ORDERED that Timothy A. DeWitt is suspended from the practice of law in the District of Columbia for a period of sixty days, with a stay of execution of the suspension in favor of an eighteen month term of probation, effective immediately.