In re Gary S. MININSOHN,
Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

Nos. 03–BG–1341, 04–BG–338.

District of Columbia Court of Appeals.

Submitted March 7, 2006.
Decided March 23, 2006.

Before REID and FISHER, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Gary S. Mininsohn, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of disbarment be imposed.

On August 27, 2003, respondent received a public reprimand from the Attorney Grievance Commission of Maryland for his failures to deposit his client's advance retainer in an attorney trust account until earned as fees, provide his client a full accounting as requested, promptly refund the unearned portion of his client's retainer after the client terminated the representation, and respond to requests for information from the disciplinary authorities. On December 9, 2003, Bar Counsel filed a certified copy of the public reprimand with this court, thus initiating No. 03–BG–1341.

On March 17, 2004, the Maryland Court of Appeals disbarred respondent for various additional violations of the Maryland Rules of Professional Conduct, including intentional misappropriation of client funds and dishonesty. On March 22, 2004, respondent reported this discipline to Bar Counsel as required by D.C. Bar R. XI, § 11(b). On April 27, 2004, we ordered in No. 04–BG–338 that respondent be temporarily suspended pursuant to D.C. Bar R. XI, § 11(d) and directed him to file an affidavit pursuant to D.C. Bar R. XI, § 14(g).

The Board recommends that we impose reciprocal and identical discipline of disbarment in 04–BG–338 and that 03–BG–1341 be dismissed as moot. Neither Bar Counsel nor respondent has filed an exception. Further, respondent has not filed an affidavit pursuant to D.C. Bar R. XI, § 14(g).

 In its report and recommendation, the Board found that the record supported the reciprocal and identical discipline of disbarment. In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " '[t]he most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result [from] the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Maryland proceedings as respondent received due process and was represented by counsel and presented witnesses on his own behalf in the disbarment proceeding.

 A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Golds-*

*borough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). Respondent's misconduct includes misappropriation, which warrants disbarment in this jurisdiction. *See In re Carlson,* 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams,* 579 A.2d 190, 191 (D.C. 1990) (en banc)). As we find support in the record for the Board's findings, we accept them, and we also adopt the sanctions the Board recommended. Accordingly, it is

ORDERED that Gary S. Mininsohn be disbarred from the practice of law in the District of Columbia in No. 04–BG–338 and for purposes of reinstatement, the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C. 1994). It is

FURTHER ORDERED that No. 03–BG–1341 be dismissed as moot.

*So ordered.*