**In re Leslie Wayne LICKSTEIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 272062).**

**No. 05–BG–871.**

District of Columbia Court of Appeals.

Submitted April 18, 2006.

Decided May 4, 2006.

Before GLICKMAN and KRAMER, Associate Judges, and KING, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Leslie Wayne Lickstein, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of a five-year suspension from practice with reinstatement conditioned on fitness and compliance with the Bankruptcy Court's Order of Disgorgement be imposed. We adopt the Board's recommendations.

On September 12, 2001, Richard and Wendy Forde, the debtors in the underlying bankruptcy case,[1] requested that the Bankruptcy Court approve the respondent as their counsel. On an unspecified date, the United States Trustee ("Trustee") filed a Complaint to enjoin the respondent from practicing before the Bankruptcy Court, for an accounting of all funds he received through the debtors' case and for disgorgement. The Trustee alleged, *inter alia,* that the respondent (1) failed to disclose his representation of entities that were associated with the debtors, (2) recorded post-petition liens on the debtors' residence without proper disclosure to the Bankruptcy Court or the debtors, (3) violated Bankruptcy Court orders regarding payments from the proceeds of the sale of the residence, (4) made multiple material misrepresentations to the Bankruptcy Court, (5) altered the terms of a promissory note, (6) and failed to disclose disbursements to himself from the proceeds received from the sale of the residence. The complaint alleged that the respondent acted knowingly and willfully.

On July 2, 2004, the Bankruptcy Court signed an Order Approving Settlement and Compromise. In the settlement, the respondent stipulated to a series of facts that reveal a pattern of deceptive conduct. In approving the settlement, the Bankruptcy Court suspended respondent from practicing before that Court for a minimum of five years and indicated that it may impose conditions upon the respondent's practice should he reapply at the end of the five-year period. The Bankruptcy Court also conditioned the respondent's reinstatement on his disgorgement of $39,297.06 in legal fees.[2] On August 18, 2005, the Office of Bar Counsel filed a certified copy of the Bankruptcy Court order with this court. On August 26, 2005, we issued an order suspending the respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d).

The Board recommends that we impose the identical, reciprocal discipline of a five-year suspension with reinstatement conditioned on fitness and compliance with the bankruptcy Court's disgorgement order effective immediately, but deemed to commence for the purposes of reinstatement on the date that the respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). Neither

---

1. *In re Forde v. Nat'l Home Buyer Realty, Inc.,* No. 01–12296–SSM (Chapter 7) (Bankr. E.D.Va.2004).

2. On September 24, 2004, the Virginia State Bar Disciplinary Board imposed reciprocal discipline. On December 17, 2004, the Fourth Circuit Court of Appeals followed suit.

A majority of the Board determined that it did not have jurisdiction to consider these orders in its analysis. We need not decide whether this conclusion was correct, as the Bankruptcy Court's order provides a sufficient factual basis upon which to impose reciprocal discipline.

Bar Counsel nor the respondent has filed an exception.

 In its Report and Recommendation, the Board found that the fact stated in the Bankruptcy Court's order supported the reciprocal discipline of suspension. In cases where neither Bar Counsel nor the respondent opposes identical discipline, "the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result [from] the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself." *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)). We agree with the Board that there was no miscarriage of justice in this case as the respondent was represented by counsel when he stipulated to the facts recited in the Bankruptcy Court's order.

 "A rebuttable presumption exists that 'the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction.'" *In re Mininsohn,* 896 A.2d 191, 192 (D.C.2006) (quoting *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). While Bar Counsel and the Board correctly acknowledge that we occasionally view discipline imposed by a federal court differently from that imposed by a state's highest court, *see In re Robertson,* 608 A.2d 756 (D.C.1992) (per curiam), the Bankruptcy Court's sanction is within the range of comparable sanctions that we have imposed for similar misconduct. *See, e.g., In re Goffe,* 641 A.2d 458, 461 (D.C. 1994) (attorney disbarred for making false statements to the IRS and the Tax Court). Therefore, the reciprocal sanction in this case does fall under the "grave injustice" exception in D.C. Bar R. XI, § 11(c)(3) ("Reciprocal discipline shall be imposed unless the attorney demonstrates by clear and convincing evidence, that ... (3) The imposition of the same discipline by the Court would result in grave injustice"). Since we find that the record amply supports the Board's findings, we accept those findings and adopt the Board's recommended sanction. Accordingly, it is

ORDERED that Leslie Wayne Lickstein be suspended from the practice of law in the District of Columbia for a minimum of five years and, for the purposes of reinstatement, the time period shall begin to run from the date the respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). It is

FURTHER ORDERED that the respondent's reinstatement subsequent to his suspension is conditioned on fitness and compliance with the Bankruptcy Court's Order of Disgorgement.

*So ordered.*