**In re Carlos H. CACERES, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 466265).**

**No. 06–BG–573.**

District of Columbia Court of Appeals.

Submitted Nov. 7, 2007.
Decided Nov. 21, 2007.

---

**2.** Respondent also did not notify this court of his three earlier disciplinary matters in Flori-  da.

Before PRYOR, KERN, and NEBEKER, Senior Judges.

PER CURIAM:

Respondent, Carlos H. Caceres, Jr., has been a member of the bar of this court since 2000, although he has been administratively suspended for failure to pay dues since December 31, 2005. On May 8, 2006, the Court of Appeals of Maryland disbarred respondent after he stipulated to violating Maryland Rules of Professional Conduct 1.1 (competence); 1.2 (scope of representation); 1.3 diligence; 1.4 (communication); 1.5 (safekeeping property); 1.16(d) (declining or terminating representation); 8.4(a) (violation of the Maryland Rules of Professional Conduct); 8.4(c) (dishonesty, fraud, deceit or misrepresentation); and, 8.4(d) (conduct prejudicial to the administration of justice). In addition, respondent violated Maryland Rules 16–604, 16–607 and 16–609, and Maryland Business Occupations and Professional Articles §§ 10–304, 10–306 and 10–307. These violations stemmed from allegations that respondent misrepresented the status of seven immigration cases to his clients and his employer, took client funds and failed to deposit them in an escrow account in six of the cases and deposited client funds into his personal bank account in two of the cases. It was also alleged that respondent failed to file a timely application for relief in one matter resulting in an order of deportation, created fraudulent court documents in a second case and failed to return telephone calls in another matter.

The Office of Bar Counsel filed a certified copy of the Maryland order consenting to the disbarment with this court, and we issued an order suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d). In addition, we directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. The Board recommended identical reciprocal discipline of disbarment be imposed. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285 (D.C. 1995), and the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. The sanction of disbarment is not inconsistent with the discipline this court has imposed for similar misconduct. *See, e.g., In re Thomas,* 740 A.2d 538 (D.C.1999) (disbarment for commingling personal and client funds, misappropriation, dishonesty, and failing to inform third party that he had received settlement funds to which third party was entitled); *In re Addams,* 579 A.2d 190 (D.C.1990) (en banc) (Disbarment is the appropriate sanction in nearly all cases of intentional misappropriation.). Accordingly, it is

ORDERED that Carlos H. Caceres, Jr., be disbarred from the practice of law in the District of Columbia. We further note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g). For the purposes of reinstatement, the suspension shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C. 1994).

*So ordered.*