**In re John W. STEWART, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 464842).**

**No. 06–BG–859.**

District of Columbia Court of Appeals.

Submitted July 9, 2008.

Decided July 24, 2008.

Before REID, Associate Judge, and PRYOR and STEADMAN, Senior Judges.

PER CURIAM:

In this original disciplinary matter, respondent John W. Stewart is subject to discipline for extensive violations of this court's disciplinary rules. Upon being admitted to practice in this jurisdiction,[1] respondent began advertising his legal services to successful bidders who had purchased properties in the District at its annual tax foreclosure sale. In order to secure his clients' interests, respondent was responsible for complying with certain statutory requirements, including the filing of a complaint. Although respondent accepted fees for the filing of these complaints, in addition to publications and title searches, he repeatedly failed to file the complaints in a timely manner. As a result, over 100 of these complaints were dismissed as untimely and respondent's

1. Respondent is also a member of the New York State Bar.

clients lost more than $47,500 in deposits paid towards the purchase of tax sale properties.

Respondent's improprieties did not stop with mismanagement of these cases. Throughout his representations he charged a flat fee for services, but removed these funds for personal use from his trust account before incurring any expenses for filing, publishing or title searching on behalf of his clients. Due to this mismanagement, sixteen clients and the Budget and Finance Division of the Superior Court filed disciplinary complaints against the respondent. On June 30, 2006, Bar Counsel filed a seventeen-count Specification of Charges with the Board on Professional Responsibility ("Board") based upon the disciplinary complaints. Respondent did not file an answer to the complaint. The Board filed a petition with this court seeking respondent's temporary suspension pursuant to D.C. Bar Rule XI, § 3(c). We issued an interim suspension on August 16, 2006. An evidentiary hearing was conducted over a four-day period by an ad hoc hearing committee, and fifteen of the sixteen individual complainants testified. The Hearing Committee presented a 107 page report and recommendations to the Board. Respondent initially indicated that he would file exceptions, but failed to do so in a timely manner and his pleading was rejected. Respondent failed to seek leave from the Board to file his exceptions late. Therefore, "our review of the Board's report should be deferential where respondent has bypassed the opportunity to identify and brief issues." *In re Perez,* 828 A.2d 206, 207 (D.C.2003). Bar counsel did not file any exception to the Board's report and recommendation.

The Board issued its report adopting the findings of the Hearing Committee and recommendation of disbarment for violating Rule 1.5(a) (intentional misappropria-tion) and Rule 8.4(b) (misconduct) for respondent's unauthorized use of client funds. The Board determined that it need not reach an issue regarding flat fees as a separate violation since there were other violations to sustain a recommendation of disbarment. In addition, the Board determined that there were sufficient grounds to require that respondent make restitution to his clients in the amount of $36,930 as a condition of reinstatement. *See In re Rogers,* 902 A.2d 103 (D.C.2006).

We agree with the Board that the findings are supported by substantial evidence in the record and that respondent should be disbarred. D.C. Bar XI, § 9(g)(1). We will adopt the Board's recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We find nothing in the record before us to conclude that this sanction is unwarranted or inconsistent. *See In re Ifill,* 878 A.2d 465, 475 (D.C. 2005) (quoting *In re Berryman,* 764 A.2d 760, 768 (D.C.2000)) ("Misappropriation is any unauthorized use of client's funds entrusted to [a lawyer], including not only stealing but also unauthorized temporary use for the lawyer's own purpose, whether or not [he] derives any personal gain or benefit therefrom."); *In re Larsen,* 589 A.2d 400 (D.C.1991) ("In this jurisdiction misappropriation of funds warrants disbarment in virtually all cases."). As this court has previously imposed similar conditions, we also adopt the recommendation of the Board that respondent provide restitution to his former client as a condition for reinstatement. Accordingly, it is

ORDERED that respondent John W. Stewart, Jr. is hereby disbarred from the practice of law in the District of Columbia. As a condition of reinstatement, respondent shall make restitution to his former clients in the amount of $36,930. More-

over, for the purposes of reinstatement, the disbarment shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*