**In re Robert L. KLINE, III, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 465770).**

**No. 07–BG–1186.**

District of Columbia Court of Appeals.

Submitted July 16, 2008.

Decided Aug. 7, 2008.

---

Before RUIZ, Associate Judge, and NEWMAN and NEBEKER, Senior Judges.

## PER CURIAM:

This reciprocal disciplinary matter stems from respondent, Robert L. Kline, III's, disbarment in the State of Maryland.[1] Respondent's professional conduct violations occurred throughout his representation of MAMSI Life Insurance Company ("MAMSI"). In a collection action before the District Court of Maryland, Baltimore City, respondent knowingly called an employee of his firm to the stand as though she was Donna Tilghman, MAMSI's corporate representative and custodian of records. Respondent allowed his employee to be sworn in as Ms. Tilghman, and testify falsely, under oath. In addition, respondent represented MAMSI in another matter in the District Court of Maryland, Montgomery County, and he or someone within his control, forged the signature of MAMSI's corporate representative to affidavits, without his client's consent, swearing to information within a complaint.

Based upon counsel's conduct, the Maryland Court of Appeals disbarred respondent by consent on September 25, 2007, finding that he violated multiple Maryland Rules of Professional Conduct.[2] Respondent failed to notify Bar Counsel of his disbarment in Maryland as required by D.C. Bar R. XI, § 11(b). Rather, Bar Counsel learned of respondent's disbarment from the Maryland Court. Thereupon, Bar Counsel filed a certified copy of the Court of Appeals' disbarment order with this court, and we issued an order suspending respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d).[3] We also directed the Board on Professional Responsibility ("Board") to recommend whether identical, greater, or lesser disci-

---

1. Subsequent to his disbarment in the state of Maryland, respondent was disbarred from the United States District Court for the District of Maryland (Misc. Case No. 07–256) and his license to practice law in the Commonwealth of Virginia was revoked (VSB Docket No. 08–000–072725).

2. *See Attorney Grievance Comm'n v. Robert L. Kline, III*, AG No. 22, 401 Md. 493, 932 A.2d 1185 (2007). This conduct violated Rules 3.3(a) (candor towards a tribunal); 5.3 (responsibilities regarding non-lawyer assis-

tants); 8.4(c) (dishonesty, fraud, deceit or misrepresentation); and 8.4(d) (conduct prejudicial to the administration of justice).

3. In addition, Bar Counsel filed with this court certified copies of the disbarment order from the United States District Court for the District of Maryland and the order of revocation by the Virginia State Bar Disciplinary Board based on respondent's disbarment in Maryland.

pline should be imposed as reciprocal discipline or whether it would proceed *de novo.* *See* D.C. Bar R. XI, § 11. Respondent did not oppose the imposition of reciprocal discipline. The Board subsequently recommended the identical reciprocal discipline of disbarment be imposed. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see* *In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992), and the heightened deference this court gives to the Board's recommendation in cases such as this where no exceptions are filed, *see In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997), we adopt the Board's recommendation. The sanction of disbarment is not inconsistent with the discipline this court has imposed for similar misconduct. *See In re Corizzi,* 803 A.2d 438 (D.C.2002) (disbarring attorney who counseled two clients to lie during depositions, in violation of Rules 1.3(b)(2), 1.4(c), 3.3(a), 3.4(b), and 8.4(c)); *In re Goffe,* 641 A.2d 458 (D.C.1994) (disbarring attorney who created evidence, falsified documents, and forged signatures and notarizations on legal documents, in violation of Rules which were subsequently codified as Rules 8.4(c), 8.4(d), and 3.3(a)(4)). Accordingly, it is

ORDERED that Robert L. Kline, III, is hereby disbarred from the practice of law in the District of Columbia. For the purposes of reinstatement, the disbarment shall be deemed to run from the date that respondent files an affidavit in compliance with D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*