[872 NYS2d 328]

In the Matter of JOHN W. STEWART, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 6, 2009

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*John W. Stewart, Jr.*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1998. By order entered July 24, 2008 (953 A2d 1034 [DC 2008]), respondent was disbarred by the District of Columbia Court of Appeals for misconduct that included misappropriation and unauthorized use of client funds. This Court, upon receipt of a certified copy of the District of Columbia order, directed respondent, by order entered December 9, 2008, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent was personally served in Maryland with the order to show cause on December 10, 2008.

Two days prior to the return date of the order to show cause, respondent filed with this Court a letter stating his intention to resign from the practice of law in New York. Respondent filed no papers in response to the order to show cause and did not appear before this Court on the return date.

Respondent's proposed resignation is not in compliance with the rules of this Court, and we decline to consider it.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find "that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust." Respondent has raised no objection to the imposition of reciprocal discipline by this Court, and we conclude that he should be disbarred.

MARTOCHE, J.P., FAHEY, GREEN and PINE, JJ., concur.

Order of disbarment entered.