In re Leslie Wayne LICKSTEIN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

Nos. 08–BG–336, 08–BG–337.

District of Columbia Court of Appeals.

Submitted May 7, 2009.
Decided May 28, 2009.

Before WAGNER, KERN and FARRELL, Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("the Board") recommends that respondent Leslie Wayne Lickstein be disbarred pursuant to D.C.Code § 11–2503(a) (2001) based on his conviction of a crime of moral turpitude *per se*. Before this court, Bar Counsel takes no exception to the report and recommendation filed by the Board.

We agree with Bar Counsel and adopt the Board's recommendation. Accordingly, we order that respondent be disbarred from the practice of law in the District of Columbia.

## I.

On May 15, 2007, respondent pled guilty to one count of conspiracy to commit an offense against the United States, specifically bank fraud in violation of 18 U.S.C. §§ 371 and 1344, for his role in scheme involving mortgage financing. On August 30, 2007, he was sentenced to twelve months and one day of imprisonment, three years of supervised released, and $1,100,000 in restitution.

On March 21, 2008, respondent's license to practice law in Virginia was revoked by consent. As part of the Virginia proceedings, respondent acknowledged that, when acting as closing attorney for a residential property in Great Falls, Virginia, he drafted a deed of trust reflecting that a secondary mortgage was coming from a commercial entity when, in fact, the secondary financing was impermissibly coming from the seller. As a result of respondent's actions, the first mortgage holder suffered

a loss of approximately $1,100,000 following foreclosure of the property.

Although respondent has been a member of the District of Columbia Bar since June 4, 1979,[1] he did not report his criminal conviction to this court and the Board as required by D.C. Bar R. XI, § 10(a). He also did not report that Virginia had entered an order of revocation to Bar Counsel as required by D.C. Bar R. XI, § 11(b). Instead, Bar Counsel learned of respondent's conviction and license revocation directly from the Virginia Bar.

On April 3, 2008, Bar Counsel informed this court of respondent's criminal conviction and the order of revocation. On April 17, 2008, this court suspended respondent pursuant to D.C. Bar R. XI, § 10(c) and directed the Board to institute formal proceedings to determine the nature of the final discipline to be imposed and to determine whether respondent's conviction involved moral turpitude *per se* under D.C.Code § 11–2503(a). *See* order, *In re Lickstein*, Nos. 08–BG–336 and –337 (D.C. Apr. 17, 2008). On May 6, 2008, Bar Counsel filed a statement recommending respondent's disbarment pursuant to D.C.Code § 11–2503(a) or, in the alternative, that respondent be disbarred as functionally-equivalent reciprocal discipline. Respondent filed a response favoring the imposition of reciprocal discipline.

## II.

D.C.Code § 11–2503(a) requires the mandatory disbarment of a member of the District of Columbia Bar convicted of a crime of moral turpitude. We have repeatedly held that felony bank fraud in violation of 18 U.S.C. § 1344 is a crime of

---

1. On May 4, 2006, this court, in a reciprocal discipline matter, suspended respondent for five years with his reinstatement conditioned upon a showing of fitness to practice. *See In re Lickstein*, 898 A.2d 897 (D.C.2006) (per curiam). He was also informally admonished by Bar Counsel in 2000. *See In re Lickstein*, Bar Docket No. 317–99 (BC Aug. 30, 2000).

moral turpitude *per se.* *See, e.g., In re Bogachoff,* 869 A.2d 338 (D.C.2005); *In re Rosenbleet,* 592 A.2d 1036, 1037 (D.C.1991). Conviction of conspiracy to commit a crime of moral turpitude is itself a crime of moral turpitude. *In re Schainker,* 871 A.2d 1206 (D.C.2005). Accordingly, we adopt the Board's recommendation that respondent be disbarred pursuant to § 11–2503(a), because his conviction for conspiracy to commit felony bank fraud is a crime of moral turpitude *per se.*[2]

### III.

On December 15, 2008, respondent filed an affidavit with this court conforming with the requirements of D.C. Bar R. XI, § 14. As such, for any future purpose, respondent's disbarment is deemed to run from December 15, 2008. *See In re Slosberg,* 650 A.2d 1329, 1332 (D.C.1994).

### IV.

Accordingly, it is ORDERED that Leslie W. Lickstein is disbarred, pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia.

FURTHER ORDERED that appeal No. 08–BG–337 is hereby dismissed as moot.

*So ordered.*

---

**2.** Because respondent's disbarment is mandatory under the statute, we dismiss, without prejudice, the reciprocal discipline proceeding as moot. *See In re Davis,* 940 A.2d 108 (D.C.2007).