**In re Timothy R. BALDUCCI,
Respondent**

**A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 490242).**

**No. 08–BG–32.**

District of Columbia Court of Appeals.

Submitted June 16, 2009.
Decided July 30, 2009.

Before RUIZ, FISHER, and BLACKBURNE–RIGSBY, Associate Judges.

PER CURIAM:

The Board on Professional Responsibility ("the Board") recommends that respondent Timothy R. Balducci be disbarred pursuant to D.C.Code § 11–2503(a) (2001), based on his conviction of a crime of moral turpitude *per se*. Neither respondent nor Bar Counsel has taken exception to the report and recommendation filed by the Board. We adopt the Board's recommendation and order that respondent be disbarred from the practice of law in the District of Columbia.

### I.

On December 4, 2007, respondent pled guilty to one count of conspiracy to commit bribery of an elected official, in violation of 18 U.S.C. § 371 (2001), for his role in a scheme to pay a $40,000 bribe to a state court judge for a favorable ruling. The United States District Court for the Northern District of Mississippi sentenced respondent to twenty-four months imprisonment, followed by thirty-six months of post-release supervision, and a $100 fine.

By letter dated December 1, 2007, respondent notified Bar Counsel of an ongoing federal felony criminal investigation, and of his consent to voluntary disbarment (the letter was addressed to states in which he was licensed to practice law, including, in addition to the District of Columbia, Mississippi, Tennessee, Alabama, and Texas). D.C. Bar R. XI, § 12 provides that disbarment by consent is permitted, but only by delivery to Bar Counsel of an affidavit declaring, *inter alia*, the attorney's consent to disbarment. Bar Counsel attempted to contact respondent, so as to inform him that an affidavit was required to effect disbarment by consent, but all efforts to communicate with respondent have failed. Because respondent had pled guilty to a felony, the instant disciplinary proceeding was commenced. Subsequently, on February 13, 2008, pursuant to D.C. Bar R. XI, § 10(c), respondent was temporarily suspended from the practice of law in the District of Columbia.[1] This court directed the Board to determine the nature of the final discipline to be imposed, and whether the offense with which respondent was charged involved moral turpitude *per se* for purposes of disbarment under D.C.Code § 11–2503(a) (2007).[2]

### II.

■ Section 11–2503(a) requires the mandatory disbarment of a member of the

---

1. On March 31, 2009, Bar Counsel received a certified notice that respondent, after pleading guilty, had been convicted of the charged offense.

2. D.C.Code § 11–2503(a) provides:

   When a member of the bar of the District of Columbia Court of Appeals is convicted of an offense involving *moral turpitude,* and a certified copy of the conviction is presented to the court, the court shall, pending final determination of an appeal from the conviction, suspend the member of the bar from practice. Upon reversal of the conviction the court may vacate or modify the suspension. If a final judgment of conviction is certified to the court, the name of the member of the bar so convicted shall be struck from the roll of the members of the bar and such person shall thereafter cease to be a member.

   *Id.* (emphasis added).

District of Columbia Bar convicted of a crime of moral turpitude. It is well established that "the crime of bribery 'inherently involves moral turpitude.'" *In re Glover-Tonwe*, 626 A.2d 1387, 1388 (D.C.1993) (quoting *In re Colson*, 412 A.2d 1160, 1165–68 (D.C.1979) (en banc)). Additionally, we have held that "[c]onviction of conspiracy to commit a crime of moral turpitude is itself a crime of moral turpitude." *In re Lickstein*, 972 A.2d 314, 316 (D.C.2009) (per curiam) (citing *In re Schainker*, 871 A.2d 1206, 1206 (D.C. 2005)). Accordingly, we adopt the Board's recommendation that respondent be disbarred pursuant to section 11–2503(a), because his conviction for conspiracy to commit felony bribery of an elected official is a crime of moral turpitude *per se.*

### III.

■ A disbarred attorney must file with Bar Counsel an affidavit affirming compliance with D.C. Bar R. XI, § 14. As of the date of this opinion, respondent has not provided Bar Counsel with such an affidavit. Therefore, for any future purpose, such as reinstatement, the effective date of respondent's disbarment will not be deemed to begin until he has submitted an affidavit to Bar Counsel in compliance with Rule XI, § 14. *But see In re Krouner*, 920 A.2d 1039, 1040 n. 1 (D.C.2007) (holding respondent's ineffective attempt at compliance with D.C. Bar R. XI, § 14(g) nevertheless satisfactory, noting his incarceration as a contributing factor to his inability to comply in a timely fashion).

Accordingly, it is ordered that Timothy R. Balducci is disbarred, pursuant to D.C.Code § 11–2503(a), from the practice of law in the District of Columbia.

*So ordered.*